UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO HERNANDEZ RODRIGUEZ (A No. 234 452 713),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-3741 DJC CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley Annex ICE Detention Facility in McFarland (ECF No. at 1) proceeds with an amended petition for a writ of habeas corpus (ECF No. 17) pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

/////

/////

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

I. Background

Petitioner, 33, is a native and citizen of Cuba. ECF No. 24-1 at 1. Petitioner entered the United States without authorization on July 14, 2024, at Miami and was granted humanitarian parole. ECF No. 1 at 3. His parole expired on June 12, 2025. ECF No. 24-1 at 2.

On December 31, 2025, and while detained at the Collier County Jail in Florida pursuant to charges of possession of cocaine and drug paraphernalia, petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF 24-1 at 2; ECF No. 24-4 at 2-4. Petitioner was convicted of possession of cocaine and drug paraphernalia on February 17, 2026, sentenced to 30 days in jail with time already having been served and transferred to ICE custody. ECF No. 24-1 at 3; ECF No. 24-2 at 4; ECF 24 at 4.

On March 9, 2026, petitioner was ordered to appear for removal proceedings to be held March 23, 2026, and charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) & § 1182(a)(2)(A)(i)(II). ECF No. 24-2. On-line Executive Office of Immigration Review records reveal that petitioner was ordered removed on June 23, 2026, and that decision is on appeal to the Board of Immigration Appeals (BIA).

Whether petitioner is properly in ICE detention has never been reviewed by an immigration judge.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration

detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Petitioner's Claims

A. Prolonged Detention

Petitioner claims the Due Process Clause demands, at this point, the petitioner be released unless it can be shown to an immigration judge that he is either a danger to the community or presents an unacceptable risk of flight. As the court has noted in the past citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1199 (9th Cir. 2022) for noncitizens such as petitioner not subject to a final order of removal, an evaluation of flight risk and dangerousness are generally required once detention has reached six months and is expected to continue more than minimally, e.g. Sanchez v. ICE, No. 1:26-cv-4472 TLN CKD P, 2026 WL 2517497, *4 (E.D. Cal. Aug. 26, 2026). With these conditions having been met, the court has recommended that respondents be ordered provide bond hearings in several cases including Escalona v. Warden, No. 1:26-cv-4937 DAD CKD P, 2026 WL 2455245 (E.D. Cal. Aug. 21, 2026); Rodriguez v. Chestnut, 1:26-cv-4004 DAD CKD P, 2026 WL 2350410 (E.D. Cal. Aug. 13, 2026); and Leyva v. Warden, No. 1:26-cv-4038 DJC CKD P, 2026 WL 2186531 (E.D. Cal. July 29, 2026) and that petitioners be released unless the government shows at the ordered hearing, by clear and convincing evidence, danger to the community or unacceptable risk of flight. Id.

Consistent with the court's prior rulings, the court finds that petitioner's right to due process requires the review of his custody by an immigration judge identified above.

B. Conditions of Confinement

Petitioner claims that allegedly harmful conditions of confinement provide a basis upon which this court can grant habeas relief. But, a writ of habeas corpus issues upon a showing of the illegality of the fact or duration of custody, not conditions of confinement. Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023). See DHS v. Thuraissigiam, 591 U.S. 103, 104 (2020) (a writ of habeas corpus is a remedy for unlawful executive detention and claims so far outside this "core" may not be pursued). Since petitioner's second claim does not amount to a challenge to the reasons supporting petitioner's confinement nor the duration thereof, the court does not have jurisdiction to consider it in a habeas action.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. The Executive Office of Immigration Review be ordered to commence a bond hearing within 14 days of any order adopting these findings and recommendations. Unless it is shown at the hearing by clear and convincing evidence that petitioner is either a danger to the community or an unacceptable risk of flight, petitioner be ordered released.
3. Petitioner be permitted to have counsel present at the hearing and adequate time for preparation.
4. Counsel for respondents' be ordered to inform the court of result of the hearing within five days of completion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/31/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rodr3741.imm.frs